1

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

2

3

4  FRED BURNSIDE (State Bar No. 211089)
    fredburnside@dwt.com
5  REBECCA FRANCIS (*pro hac vice forthcoming*)
    rebeccafrancis@dwt.com
6  ANNA R. BUONO (State Bar No. 232753)
    annabuono@dwt.com

7

8  Attorneys for Defendant
   REDFLEX TRAFFIC SYSTEMS, INC

9

   GRAVES & KING LLP
10 HARVEY W. WIMER III (State Bar No. 166326)
    hwimer@gravesandking.com
11 NICOLE C. MORGAN (State Bar No. 245860)
    nmorgan@gravesandking.com
12 3610 Fourteenth Street, Second Floor
   Riverside, California 92501
13 Telephone: (951) 680-0100
   Fax: (951) 680-0700

14

15 Attorneys for Defendant
   CITY OF VICTORVILLE

16            UNITED STATES DISTRICT COURT

17     CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

18            **ED  CV  12  -  00554 VAP**

19 MICHAEL CURRAN, individually and    ) Case No.
   on behalf of all those similarly situated )
20                                        )
              Plaintiff,                   )
21                                        ) **DEFENDANTS' NOTICE OF**
       vs.                                ) **REMOVAL OF CLASS ACTION**
22                                        ) **COMPLAINT**
   CITY OF VICTORVILLE, REDFLEX          )
23 TRAFFIC SYSTEMS, INC, DOES 1-20,      )
   DOES 21-40,                            )
24                                        ) State Action Filed:  February 14, 2012
              Defendants.                 )
25 _____ )

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to the Class Action Fairness Act ("CAFA") and Federal Question Jurisdiction, *see* 28 U.S.C. §§ 1331, 1441, 1446, and 1453, Defendants Redflex Traffic Systems, Inc. and the City of Victorville (collectively "Defendants"), remove to the United States District Court for the Central District of California the above-captioned action, originally filed in the Superior Court of the State of California, County of San Bernardino, under Civil Case No. CIVVS 1200769. In support of this Notice of Removal, Defendants allege as follows:[1]

**Introduction**

1.    On February 14, 2012, Plaintiff Michael Curran commenced this putative class action against the City of Victorville and Redflex in the Superior Court of the State of California, County of San Bernardino. A true and correct copy of the Complaint, the Summons that accompanied the Complaint, and the Civil Case Cover Sheet, are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2.    Plaintiff first served Redflex with a copy of the Complaint on March 16, 2012.

3.    Plaintiff first served the City of Victorville with a copy of the Complaint on March 27, 2012.

4.    Although Plaintiff has also named as defendants DOES 1-40, Defendants do not need consent of those defendants to remove this action. 28 U.S.C. § 1453(b); *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011).

---

[1] Defendants expressly preserve all Rule 12(h) objections. *See* Wright & Miller, Federal Practice & Procedure § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

NOTICE OF REMOVAL
DWT 19350582v1 0090234-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.     The Superior Court of the County of San Bernardino issued a Notice of Assignment for all Purposes, and scheduled dates for Service Completion (June 18, 2012) and for a Case Management Conference (August 13, 2012).  True and correct copies of these documents are attached as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

## Removal Is Timely

6.     The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants filed it within thirty days after Plaintiff completed service on Redflex.

## This Is a Proposed "Class Action"

7.     Plaintiff brings this case as a class action, Compl. ¶¶ 1, 17-26, and seeks to certify a class under California Code of Civil Procedure § 382, *id.* ¶ 17.   This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

## Plaintiff Proposes a Class of More than 100 Persons

8.     Plaintiff asserts claims for violation of the California Business & Professions Code § 17200 and of the Civil Rights Act, 42 U.S.C. § 1983, as well as claims for unjust enrichment and product liability, Compl. ¶¶ 27-53, on behalf of the following proposed class:

> All persons issued a citation for violation of California
> Vehicle Code §§ 21455(a) or 21455(b), where the alleged
> violation was recorded by an automated traffic enforcement
> system owned and/or operated by Defendants illegally
> since December 3, 2007.

*Id.* ¶ 17.  He estimates the class size to be "in excess of 5,000." *Id.* ¶ 18.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9.     Even though Defendants contest the propriety of class certification, for purposes of removal, Plaintiff's allegations show the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA's class-size requirement met where "facially apparent" from complaint, in which plaintiff alleged class consisted of "thousands of persons," "implying a logical minimum of 2,000 class members"); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("propriety of removal is determined solely on the basis of pleadings filed in state court").

## The Amount in Controversy Exceeds $5,000,000

10.     For purposes of removal under CAFA, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  Based on Plaintiff's allegations, this is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(2).

11.     In determining whether the removing party has satisfied the amount-in-controversy requirement, the court looks first to the complaint. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).  "[W]hen the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Id.* at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).  Courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  And the Court may consider supplemental evidence later offered by the removing defendant and not included in the original removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Janis v. Health Net, Inc.*, 2012 WL 926151, *1 (9th Cir. Mar. 20, 2012) (court erred in remanding action on basis

NOTICE OF REMOVAL
DWT 19350582v1 0090234-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  defendant submitted evidence in opposition to motion to remand, but had not

2  submitted evidence with removal notice).

3      13.    Defendants deny Plaintiff's allegations of their liability and will oppose

4  certification of the putative class. For purposes of establishing the jurisdictional

5  predicates for removal, however, Plaintiff's allegations establish that the amount in

6  controversy exceeds $5,000,000. *See Lewis*, 627 F.3d at 400 (defendant not required

7  to admit liability to remove under CAFA); *Grant v. Capital Mgmt. Servs., L.P.*, 2011

8  WL 3874877, at *1 (9th Cir. Sept. 2, 2011) (same).

9      14.    Plaintiff alleges the putative class is "in excess of 5,000." Compl. ¶ 18.

10     15.    Plaintiff alleges his claims "are typical of and not antagonistic to, the

11 claims of other Class Members." *Id.* ¶ 19. On behalf of the proposed class, he seeks

12 "full restitution and/or disgorgement of all revenues, earnings, profits, compensation,

13 and benefits" from Defendants, as well as "punitive damages in an amount equal to

14 the original ticket amount for each class members." *Id.* ¶ 39. Plaintiff further seeks:

15 "[d]amages and/or restitution in an amount sufficient to reimburse Class Members

16 who have paid fines pursuant to citations issued"; "[d]amages and/or restitution in an

17 amount sufficient to reimburse Class Members who have paid higher insurance rates

18 due to convictions"; "[d]amages and/or restitution in an amount sufficient to

19 reimburse Class Members who have lost wages or have had to pay child care as a

20 result of forced court appearances"; "[d]amages and/or restitution in an amount

21 sufficient to reimburse Class Members who have had to pay for traffic school"; and

22 "[d]amages and/or restitution in an amount sufficient to reimburse Class Members

23 who have paid incurred legal counsel fees and expenses." Compl., Prayer for Relief

24 ¶¶ 2-7. And Plaintiff seeks attorney's fees. *Id.* ¶ 11. *See Chabner v. United of*

25 *Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (court should include

26 amount of attorney's fees plaintiffs claim, aggregated on a class-wide basis, in

27 determining whether amount-in-controversy requirement met) (citing *Galt G/S v. JSS*

28 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir 1998)).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     Plaintiff sent Defendants a presuit notice quantifying the damages, restitution, legal fees, and punitive damages that he seeks in his Complaint. Specifically, Plaintiff demands $2.5 million in restitution damages, $6 million "in estimated higher insurance premiums paid by motorists ($1,500 per policyholder for 3 years x's estimated 4,300 people issued tickets and who were forced to pay)," "$215,000 in legal fees (10% of people issued tickets retained counsel [t]o assist or advise them)," $860,000 "in lost … consumer wages for being forced to come to arraignments [and/or] trials ($200.00 per consumer x 4,300)," and $28.6 million in punitive damages against Redflex.  Declaration of Robert G. Salcido ¶ 2, Ex. 1.

17.     Based on Plaintiff's allegations and supporting calculations in the presuit notice, the amount in controversy far exceeds $5,000,000.  Thus, Plaintiff has placed more than $5,000,000 in controversy.  *See Lewis*, 627 F.3d at 400; *Grant*, 2011 WL 3874877, at *1-2; Cal. Civ. Code § 3294(a) (permitting plaintiffs to seek punitive damages awards in "action[s] for the breach of an obligation not arising from contract"); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1230 (2006) (upholding reinstatement of punitive damages claim in product liability case).

## Diversity Exists

18.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

19.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).  Federal courts apply the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192 (2010).  The company's officers or members "direct, control, and coordinate" the company's activities from the "nerve center." *Id.* at 1192.  The "nerve center" will "normally be the place where the

NOTICE OF REMOVAL
DWT 19350582v1 0090234-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

[company] maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

20. Redflex Traffic Systems, Inc., is incorporated under the laws of Delaware. Salcido Decl. ¶ 3. Redflex's headquarters is located in Phoenix, Arizona, where Redflex's executives and officers "direct, control, and coordinate" Redflex's activities. *Id.* For diversity purposes, Redflex is a citizen of both Delaware and Arizona. 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192.

21. Plaintiff alleges that he is "a resident of the Victorville area." Compl. ¶ 1. Plaintiff speculates that the "vast majority" of the putative class members "resid[e] in or near the Victorville Judicial District." *Id.* ¶ 18.

22. The City of Victorville is incorporated as a general law city under the laws of the State of California. *See* http://ci.victorville.ca.us/site/aboutvictorville.aspx?id=64.

23. Because Plaintiff alleges he is a resident of Victorville, California, and because Redflex is a resident of Delaware and Arizona, this case satisfies CAFA's diversity requirements. *See* 28 U.S.C. § 1332(d)(2)(A); *Aqua Connect, Inc. v. Code Rebel LLC*, 2011 WL 5075421, at *3 (C.D. Cal. Oct. 25, 2011) (place of residency is presumptively place of citizenship).

## Federal Question Jurisdiction Exists

24. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

25. Plaintiff alleges a claim for violation of the Civil Rights Act, 42 U.S.C. § 1983. Compl. ¶¶ 48-53.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26.     Redflex and the City of Victorville are the only defendants who have been properly served, and both consent to the removal of this action.  *See* 28 U.S.C. §1446(b)(2)(A).

27.     Because Plaintiff alleges a claim arising under a law of the United States, this Court has original jurisdiction of this civil action, rendering removal proper.  *See* 28 U.S.C. §§ 1331, 1441(a), 1446.

### The Remaining Procedural Requirements Are Satisfied

28.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1331, and which may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.  Because Plaintiff filed the state court action in the Superior Court for the County of San Bernardino, Defendants have properly removed the state court action to the Central District of California, and venue in the Eastern Division at either the city of Riverside or the city of San Bernardino would be appropriate.  28 U.S.C. §§ 84(c)(1), 1391, and 1446(a).

29.     A copy of all process, pleadings, and orders served on Defendants in the state court action are attached as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

30.     Defendants certify that they will promptly give written notice of the filing of the original Notice of Removal to Plaintiff, and file a copy of the Notice of Removal with the Clerk of the Superior Court for the County of San Bernardino, pursuant to 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

.7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      WHEREFORE, Defendants request that the above-described civil action be

2 removed from the Superior Court of the State of California for the County of San

3 Bernardino to the United States District Court for the Central District of California.

4

5 DATED: April 13, 2012           DAVIS WRIGHT TREMAINE LLP

6                             FRED BURNSIDE

7                             REBECCA FRANCIS

                            ANNA R. BUONO

8

9

10                         By: _____

                                Anna R. Buono

11

12                         Attorneys for Defendant

                        REDFLEX TRAFFIC SYSTEMS, INC

13

14

15 DATED: April 12, 2012           GRAVES & KING LLP

16                         HARVEY W. WIMER III

                        NICOLE C. MORGAN

17

18                         By: _____

19                               Harvey W. Wimer III

20

21                         Attorneys for Defendant

                        CITY OF VICTORVILLE

22

23

24

25

26

27

28

NOTICE OF REMOVAL
DWT 19350582v1 0090234-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ROBERT D. CONAWAY Bar No. 119657
LAW OFFICE of ROBERT D. CONAWAY
222 East Main Street, Suite 212
Barstow, CA 92311
Mailing address: PO Box 865
Barstow CA 92312-0865

Phone: (760) 256-0603
Fax: (760) 256-0660

Attorney for Plaintiff, Michael Curran,
individually and on behalf of those similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

FEB 14 2012

BY _____
VANESKA DIEDERICH, DEPU

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## VICTORVILLE DIVISION

| | |
|---|---|
| MICHAEL CURRAN, individually and on behalf of all those similarly situated | CASE NO. CIVVS 1200769 |
| | CLASS ACTION |
| v | COMPLAINT FOR DAMAGES |
| | 1) Violation of Business & Professions Code § 17200, et seq. |
| CITY OF VICTORVILLE, REDFLEX TRAFFIC SYSTEMS, INC, DOES 1-20, DOES 21-40 | 2) Unjust Enrichment |
| | 3) Product Liability |
| | 4) Violation of Civil Rights 42 USC §1983 |
| | DEMAND FOR JURY TRIAL |

NOW COMES PLAINTIFF MICHAEL CURRAN, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED

## I. INTRODUCTION & PARTIES

1.    Plaintiff Michael Curran  ("Curran" or "Plaintiff"), a resident of the Victorville area, brings this action on behalf of himself and all other similarly situated individuals who have received traffic citations for alleged red light violations under California Vehicle Code §§ 21453(a) or 21453(b), issued by the City of Victorville & Does 1-20 ("City") through its contract program with the County of San Bernardino, utilizing an automated detection system pursuant to a business agreement for income with co-defendant Redflex Traffic Systems, Inc & Does 21-40 ("RTS").

-1-

**EXHIBIT A**

2.  Plaintiff received his citation after a RTS computer signed the name of an officer (Barbara Hill) to an RTS computer generated "Notice of Traffic Violation" despite the fact that Officer Barbara Hill did not contemporaneously observe the alleged infraction in California nor on an Arizona computer screen, and caused it to be sent out with a RTS computer generated proof of service, signed by a RTS computer operator and likely mailed by another RTS bulk mailer-type computer on or about on or about October 4, 2011.

2.  Defendant(s) RTS who installed and operated automated traffic enforcement systems under contracts entered into with the CITY for approaches/ locations within the CITY at all relevant times hereafter stated, are in the business of making money with the CITY by generating traffic citations using machine generated data and forms that creates a cash demand for payment based on the allegations that registered owner of vehicles are being allegedly captured on RTS's video camera allegedly violating the law.

3.  Under California and federal law, the use and methods involved and/or the usage of the video data as done by the CITY by and through its city police department & RTS, is illegal and is therefore an unfair business practice/act within the meaning of California Business & Professions Code §§ 17200, et seq for the CITY and RTS , which outlaws unfair business acts or practices, including but not limited to the follow ways:

a.  The use of the data to "document" an alleged violation of the vehicle code (by reviewing a non-contemporaneous processed video of cars proceeding through the approaches/intersection involved) violates the long standing legal rule that for an officer to cite a citizen for an infraction, it must be done "In the Presence" of the officer. Misdemeanors (and infractions) have always been violations that must have occurred in the officer's presence and to not make that a requirement, violates California Penal Code §§ 836(a)(1) and including (but not limited to) California Penal Code §§ 837.1, a rule that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are presumed to know:

b. California Vehicle Code §§ 40901. [subd.] (e) additionally requires compliance with the other rules of evidence, which include but are not limited to:

(i) The mode of the evidence's preparation and the method and time of preparation be shown (by someone with personal knowledge) to establish trustworthiness [the latest cases in the line of CITY & RTS' disregarded rulings is 2nd Appellate District, Division 7 case of People v Annette B, published February 10, 2012), that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are required to judicially notice as binding legal precedent;

. (ii) Authentication of the photographs and video feed as required under the California Rules of Evidence § 1413 (and related sections) that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are presumed to know;

(iii) That the citations be executed by the officer on his personal knowledge and not his or her information and belief, both rules of law that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are presumed to know.

4. Instead the RTS contract (and the 2011 Amendment):

(i) Contends that RTS "Processes the data" (with absolutely no attempt to explain in the contract, what if anything is taken out, added, modified, by whom, when and why) and on information and belief, plaintiff contends and thereon alleges that RTS decides by that who gets cited. Under "Potential violations" (under 1.19 of the RTS-CITY agreement Contract), states that with respect to any motor vehicle passing through a designated intersection approach, [that] the data collected by the Redflex System ... *shall be processed by the Redflex System for purposes of allowing the authorized officer [who under section 1.1 (b) of the RTS contract does not even have to be a sworn peace officer] to review such data and determine whether a Red Light violation has occurred"*;

-3-

(ii) RTS gives an "authorized" officer non-contemporaneous access to the RTS system within seven (7) days of the gathering of the violation data as per Section 3.3.4 of the RTS-CITY contract;

(iii) RTS & the CITY try to bypass the personal knowledge and contemporaneous observation requirement by including a provision in the RTS contract to try and train and qualify the police project manager and authorized officers [the latter of which does not even have to be a sworn officer under 1.1(b) of RTS' contract] as an "expert witnesses";

(iv) RTS tries to require the CITY to validate the unlawful data usage process under Section 3.3.11 of the RTS-CITY contract by having the City ask the court to take judicial notice "of the validity of the Redflex Photo Red Light System in lieu of requiring Reflex to provide such witnesses", even though the subject matter of the Section is nothing of which the California Evidence Code 451-452 could take judicial notice of.

b. Violates the evidentiary rule that requires exclusion on foundation, authentication, hearsay and right-of-confrontation grounds under *Melendez-Diaz v. Massachusetts* (2009) 557 US 309, 129 S.Ct. 2527 grounds, by trying to put a camera and computer that processes the information on the stand through an individual peace officer that did not contemporaneously observe the infraction, but is there to further the unlawful and unfair manipulation of video information for the CITY's and RTS's income scheme.

5. Defendants have reaped enormous fees by systematically violating the due process rights of Plaintiff and other Class Members.

6. Plaintiff and Class Members have suffered damages in the form of traffic light citation fines, lost time from work, higher automobile liability insurance premiums, legal fees where lawyers have been consulted and or retained to object to the violations of rights, and they bring this action to recover those damages as well as the costs and expenses of this litigation and further relief as may be just and proper.

//

//

-4-

## II. JURISDICTION AND VENUE

7.      The pre-suit claim for damage requirements as to the CITY under the California Government Code has been complied with and a claim for damage rejection dated February 8, 2012 has been sent by the Victorville City Clerk's office or about that same date.

8.      A pre-suit notice as to both the CITY and RTS as required for the California Business & Professions Code as to the unfair claim practice act claims has been served and the requisite time period (30 days) has passed without comment or objection from either defendant.

9.      This Court has jurisdiction over the subject matter of this action pursuant to California Code of Civil Procedure § 410.10. Plaintiff seeks damages on behalf of himself and all others similarly situated under the statutory and common law of California.

10.     The amount in controversy exceeds the $25,000 minimum to qualify this action for unlimited jurisdiction within the California Superior Court.

11.     At all relevant times, each Defendant named herein maintained contacts with and conducted business in California. RTS and others, at all times relevant to this lawsuit, maintained offices and conducted substantial business operations in California. Through their employees and agents, RTS and the Doe Defendants, as defined below, entered into illegal contracts with public entities in California, operated automated traffic enforcement equipment in California, and caused tickets to be issued to plaintiff and Class Members throughout California.

12.     Venue is proper in the San Bernardino County as under Section 12.17 of the RTS-CITY contract "any dispute arising out of *or in connection with this Agreement* shall be submitted to the exclusive jurisdiction and venue of the nearest court of competent jurisdiction located in the County of San Bernardino, California, and both parties specifically agree to be bound by the jurisdiction and venue thereof (emphasis added)" and further the venue is valid under California Code of Civil Procedure § 395, because the acts and omissions complained of herein, including the creation and signing of contracts, the issuance of tickets, and the operation of automated traffic enforcement equipment took place, caused damages to, and had other adverse effects upon, Plaintiff and other Class members within the territorial jurisdiction of this Court.

## III. FACTUAL ALLEGATIONS

13.　An individual who receives such a ticket from the joint efforts of defendants has the option to appear in court to contest the fine, or to pay the fine without contest.

14.　Unless the citizen retains counsel that is aware of the evidentiary shenanigans defendants are trying to push through for an income generating fine, sometimes don't appear and pay the fine, they sometimes appear and see some people pay a fine reduced by $100.00 to $200.00 in exchange for guilty or no contest plea, try the case and lose and then pay the full fine, to only find out the California Department of Motor Vehicles adds a point to the record of any driver who is not acquitted of the infraction, which has the effect of increasing liability insurance rates 50% of more for three years—the common denominator to all scenarios, they are brought before the court on a machine generated ticketing process with no contemporaneous officer observance to verify the FACT of there being a violation of the vehicle code.

15.　To avoid the hiked up insurance premiums, a driver sometimes has the option of attending traffic school, if he or she has not already attended traffic school within the past 18 months. Traffic school fees vary, but there is an additional administrative cost of $60 for those who wish to attend traffic school, again a cost damage that would not have been incurred by citizens were it not for the illegal and therefore unfair use of the RTS gathered and CITY's use of the processed video.

16.　In addition, plaintiff and similarly situated people are shocked by the receipt of the ticket, are emotionally stressed out over the violation of their rights and having to go to court for an arraignment often taking time from work or their families, getting a court date, attending the trial process and being unable to confront the real accuser, a camera and then having to go through traffic schools and paying fines out of already tightening family budgets, all to bailout the CITY's failing management team.

## IV. CLASS ACTION ALLEGATIONS

17.　Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Code of Civil Procedure § 382. This action satisfies the numerosity, commonality,

-6-

typicality, adequacy, predominance and superiority requirements of that statute. The Class is defined as follows:

All persons issued a citation for violation of California Vehicle Code §§ 21455(a) or 21455(b), where the alleged violation was recorded by an automated traffic enforcement system owned and/or operated by Defendants illegally since December 3, 2007.

18.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants, but estimate them to in excess of 5,000 with the vast majority of them residing in or near the Victorville Judicial District. The information as to the identity of Class Members can be readily determined from records maintained by the Defendants and their agents, as well as non-party Municipalities and Agencies, including citation records, contracts with Municipalities and Agencies, receipts, and financial records.

19.     Plaintiffs claims are typical of and not antagonistic to, the claims of other Class Members because Plaintiff received a traffic citation under the California Vehicle Code for allegedly running a red light or turning without sufficiently stopping at a red light, and was in some manner allegedly observed and recorded by an automated traffic    enforcement system owned and/or operated by Defendants. By asserting his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of defendants as herein alleged, and the relief sought is common to the Class.

20.     The common legal and factual questions which do not vary from Class Member to Class member, and which may be determined without reference to individual circumstances of any Class Member include, but are not limited to, the following:

(a) Whether Defendants engaged in unfair competition when they operated automated traffic enforcement equipment;

(b) Whether Defendants should be required to have a sworn peace officer contemporaneously monitor the video camera system so that violations citizens are cited for are in compliance with the law and whether that should be made a condition for maintaining the systems under the RTS-CITY contract;

-7-

(c) Whether Plaintiff and the Class are entitled to compensatory damages, and the amount and type of such damages; and

(d) Whether Defendants should be ordered to disgorge, for the benefit of the Class, all or part of their ill-gotten income received from the operation of automated traffic enforcement equipment under illegal contracts;

(e) Whether punitive damages against RTS should be awarded to discourage the ongoing, repetitive and despicable disregard of the law;

(f) Whether attorney fees and costs should be awarded under Business & Profession Code § 17200 et seq, 42 USC § 1983 and or 42 USC§ 1988;

21.    These common questions and others predominate over questions, if any, that affect only individual members of the Class.

22.    The claims of the representative Plaintiff are typical of the claims of the Class. There are no material conflicts with any other members of the Class that would make class certification appropriate. Plaintiff and his counsel will fairly and adequately represent the interests of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously.

23.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases were to proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.    Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the

1    defendant, and would magnify the delay and expense to all parties and to the court system

2    resulting from multiple trials of the same complex factual issues.

3        25.    Injunctive relief is appropriate as to the Class as a whole because Defendants have

4    acted or refused to act on grounds generally applicable to the Class and without a class action,

5    injunctive relief for one person would be of no benefit to the rest of the public.

6        26.    Whatever difficulties may exist in the management of the class action will be

7    greatly outweighed by the benefits of the class action procedure, including, but not limited to,

8    providing Class Members with a method for the redress of claims that may not otherwise warrant

9    individual litigation.

10   V. <u>FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>
                (Violation of Business & Professions Code § 17200 et seq.)

11

12       27.    Plaintiff incorporates by reference all the above allegations in Paragraphs

13   1-26 as though fully set forth herein.

14       28.    Defendants have engaged in unfair competition and within the meaning of

15   California Business & Professions Code Section 17200, et seq. because Defendants' business

16   relationship and related conduct that generate unfair acts and practices as herein alleged.

17       29.    The CITY seeing the cameras as a way to offset falling revenues due to almost

18   legendary mismanagement, saw the machine generated ticket making machinery as a partial gap

19   filler, notwithstanding their presumptive knowledge the process as used called for the CITY's

20   officer and the CITY's political figures to ignore long standing laws.

21       30.    When the CITY's counsel members saw the unpopularity of the red light cameras

22   and its potential consequences to the sitting counsel's futures, but still wanting the

23   constitutionally tainted revenue, the contract with RTS was renegotiated to reduce the number of

24   approaches that would have red light camera systems on them, in exchange for an extension of

25   the term from June 10, 2010 or June 10, 2015 (when the original contract was going to expire

26   October 3, 2012) and a $10,000 monthly payment labelled as a "Operating Expense" item (paid

27   by RTS to the cash starved City coffers–hopefully), evidencing a desire of the current counsel

28

1    majority to keep breaking the law and violating citizens' due process rights for a $10,000
2    monthly payment.

3        31.    Since RTS was going to profit from the deal and hopefully buy some good will
4    publicity by cutting the number of approaches being targeted, RTS went along as they did before
5    as they would offset any drop in monthly income by getting a five year extension on the original
6    contract and obligating the city to a $60,000 per month minimum payment or adding another a
7    minimum of $3.55 million to RTS's income.

8        32.    As to RTS, their full and complete knowledge that what they were doing–e.g.
9    violating the laws and the civil rights of the citizens being cited in the State they were operating
10   as alleged above and incorporated herein by reference is despicable and oppressive conduct.

11       33.    Plaintiff was injured by Defendants' unlawful business acts and suffered an actual
12   loss of money as a result of those acts and renegotiation of the contract after the unlawful and
13   oppressive conduct was brought to their attention.

14       34.    Defendants' unlawful business acts and practices constituted, and constitute, a
15   continuing course of conduct of unfair competition because Defendants continue to operate
16   automated traffic enforcement systems in Victorville, California.

17       35.    These business acts are unlawful because they are arise from unlawful disregard
18   of the applicable codes, cases and or statutes relating to how infractions can be cited and pursued.

19       36.    Plaintiff and Class members have suffered actual harm and loss of money and/or
20   property as a result of these unlawful business acts and practices.

21       37.    Defendants business practices, and each of them, are also unfair because they
22   offend established public policy, are immoral, oppressive, unscrupulous, and/or substantially
23   injurious to drivers in that Defendants are incentivized by their illegal activity to issue more
24   citations, which given the practices alleged above, increases the number of unlawful and or
25   unconstitutional acts.

26   //

-10-

38.     Plaintiff has standing to pursue this claim because he has been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein. Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

39.     Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profit, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein, or in the alternative, plaintiff should be awarded punitive damages in an amount equal to the original ticket amount for each class member.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## VI. SECOND CAUSE OF ACTION
### (Unjust Enrichment)

40.     Plaintiff incorporates by reference all the above allegations in Paragraphs 1-39 as though fully set forth herein.

41.     As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched.

42.     Specifically, Defendants received compensation in exchange for the unlawful operation/use of automated traffic enforcement systems at the expense of Plaintiff and others, in violation of the California Vehicle Code. The fines and fees paid by Plaintiff and other Class members funded the very enforcement systems that caused the issuance of their citations. This has resulted in Defendants wrongful receipt of profits and injury to Plaintiff and the Class.

## VII. THIRD CAUSE OF ACTION
### (Product Liability vs RTS & DOES 21-40)

43.     Plaintiff incorporates by reference all the above allegations in Paragraphs 1-42 as though fully set forth herein.

//

44.     RTS and Does 21-40 agreed to install FMS Sensors and Induction Loop Sensors upon renewal of the contract in June of 2012 with the CITY due to what plaintiff is informed and believes and thereon alleges was an inherent design problem with the system, that made data gathering unreliable, and as result, plaintiff is informed and believes, caused erroneous data to be reported as red light travel violations and citizen cited.

45. Plaintiff is informed and believes and thereon alleges additionally that people were victims of a defective product design by and or sold by RTS, DOES 21-40 as a result of the design defect that was present in the original system and or not properly manufactured and sold to the CITY and or Redflex.

47. As a direct and proximate result of Defendants' defective designed and or sold initial product, plaintiff and or certain class member have been damaged in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## VIII. VIOLATION OF CIVIL RIGHTS 42 USC § 1983 [MONELL CLAIM]
### [CITY OF VICTORVILLE, ONLY]

48.     Plaintiff incorporates by reference all the above allegations in Paragraphs 1-47 as though fully set forth herein.

49.     The CITY has a custom and practice of allowing the CITY police to present evidence and testify on matters as alleged above and incorporated herein by reference that violate the procedural due process rights of the cited citizens, despite opinions highlighting the City's police officer's failures to properly prepare to and in fact on testify without the required personal knowledge of the facts, systematically failing to contemporaneously observe any alleged infractions and the failure to lay proper foundation and authenticate photo, video and other related data allegedly gathered from RTS system.

50. As a political body, the CITY is obligated to train its officers to follow the law on what is proper evidence for red light infraction cases, but the fact it has not done so, and has

created a municipal custom or practice so permanent and settled that it constitutes a custom or usage of the CITY, which when examined over the thousands of instances in which an officer accepted the task of screening alleged video violations of infractions he/she did not contemporaneously see, has caused the violation of thousands of citizens' civil rights, which amounts to being a policy of deliberate indifference, in not only the sheer number of screen reviews and tickets issued, but that the CITY continued to non-contemporaneously review, cite, prosecute and convict AFTER the City was made aware of the appellate department in the County was tossing out red light camera convictions for authentication and foundation problems and then to add insult to constitutional injury, the CITY current leadership extended the contract an additional 5 years with no change in the training of the officers mandating that they rely only upon competent evidence that passes constitutional muster when testifying in red light camera cases.

51. That the CITY has created with RTS the legal fiction (come true) that a mechanical camera is a witness and non-contemporaneous observation of processed video feed by an officer is an acceptable exception to the rules of criminal procedure and evidence, offends minimum notions of due process, fundamental procedural fairness and the federal confrontation clause, which has rejected since 2009 the notion that an "it" can testify.

52 The need for proper or different training when so obvious, and the inadequacy so likely to result in violations of constitutional rights, the municipality has displayed "deliberate indifference."

53. Plaintiff and the class members have suffered no just the fine, but the loss of income from court appearances, the traffic school fees, the higher insurance premiums from being found guilty by plea of trial and or attorney fees for having to consult with and or retain a lawyer to fight off the constitutionally infirmed citation and testimonial hearsay show and emotional distress from the upset caused by not just the initial violation of rights upon receipt of the traffic ticket, but the indignity, humiliation and upset caused by being dragged through an arraignment

-13-

1  and trial process knowing that they were unable to do anything within their knowledge to

2  challenge the violation of their rights without having to hire counsel.

3       WHEREFORE, Plaintiff and the Class pray for relief as set forth below:

4                                    VIII. <u>PRAYER FOR RELIEF</u>

5       1. Certification of the proposed Class and notice and claims administration to be

6  paid by Defendants;

7       2. Damages and/or restitution in an amount sufficient to reimburse Class Members who

8  have paid fines pursuant to citations issued;

9
       3. Damages and/or restitution in an amount sufficient to reimburse Class Members who
10
   have paid higher insurance rates due to convictions;
11

12      4. Damages and/or restitution in an amount sufficient to reimburse Class Members who

13  have lost wages or have had to pay child care as a result of forced court appearances;

14      5. Damages and/or restitution in an amount sufficient to reimburse Class Members who

15  have had to pay for traffic school;

16      6. Damages and/or restitution in an amount sufficient to reimburse Class Members who

17  have had to pay payment plans to be able to pay fines over time;

18      7. Damages and/or restitution in an amount sufficient to reimburse Class Members who

19  have incurred legal counsel fees and expenses as a result of having to retain counsel to protect

20  their rights;

21      8. Pre-judgment interest at the maximum legal rate on out-of-pocket fines, costs or fees;

22      9. Compensatory, punitive, and exemplary damages according to proof;

23      10. Costs of the proceedings herein;

24      11. Reasonable attorneys' fees as allowed by statute 42 USC § 1983, 42 USC § 1988,

25  Business & Profession Code § 17200 et seq;

26  //

27  //

28

12. A declaration that data stream from Redflex Traffic System's contract with the CITY can only be used if the CITY has sworn peace officers contemporaneously reviewing the data stream as it comes in as a live feed before being able to affix their name to and send out a mail citation;

13. Injunctive relief against the further use of red light cameras in Victorville until the process is made to follow the rules of evidence applicable to all infractions in the State of California;

14. For all such other and further relief as the Court deems just and proper.

Dated: February 14, 2012

LAW OFFICE of ROBERT D. CONAWAY

By: _____
ROBERT D. CONAWAY, Attorney for
MICHAEL CURRAN, individually and for
all those similarly situated

### DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated hereby demands a trial by jury in this action on all legal claims to which a jury trial right attaches.

Dated: February 14, 2012

LAW OFFICE of ROBERT D. CONAWAY

By: _____
ROBERT D. CONAWAY, Attorney for
MICHAEL CURRAN, individually and for
all those similarly situated

# SUMMONS
## *(CITACION JUDICIAL)*

RECEIVED mw 4:42 pm

MAR 2 7 2012

City Clerk's Office

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

FEB 1 4 2012

BY V Vadel
VANESKA DIEDERICH, DEPUT.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF VICTORVILLE, REDFLEX TRAFFIC SYSTEMS, INC,
DOES 1-20, DOES 21-40

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL CURRAN, individually and on behalf of all those similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior-Victorville<br>14455 Civic Drive, Victorville CA 92392 | **CASE NUMBER**<br>*(Número del Caso):*<br>CIVVS 1200769 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT D. CONWAY 222 East Main Street, Suite 212, Barstow CA 92311 (760_ 256-0603

| DATE:<br>*(Fecha)* FEB 1 4 2012 | Clerk, by<br>*(Secretario)* VANESKA DIEDERICH | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROBERT D. CONAWAY ar No 119657<br>222 East Main Street, Suite 212<br>Barstow CA 92311<br>Mailing address: PO Box 865, Barstow CA 92312-0865<br>TELEPHONE NO.: 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   FAX NO: 760-256-0660<br>ATTORNEY FOR *(Name)*: Michael Curran, individually & behalf of simiarly situate | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>VICTORVILLE DISTRICT<br>FEB 14 2012<br>BY _____<br>VANESKA DIEDERICH, DEPUT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Victorville CA 92392
BRANCH NAME: Victorville District

| CASE NAME:<br>Michael Curran et al v  City of Victorville et al | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVVS 1200769<br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

**1. Check one box below for the case type that best describes this case**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties      d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel   e. [✓] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence         f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
**4.** Number of causes of action *(specify):*  Violationof B&P 17200, Unjust Enrichment, Product Liability, 42 USC 1983
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 14, 2012
ROBERT D. CONAWAY
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Superior Court of California - County of San Bernardino

WWW.SBCOUNTY.GOV/COURTS

================================================================

CASE NUMBER: CIVVS1200769

NOTICE OF ASSIGNMENT FOR ALL PURPOSES

Please take notice that this case has been assigned for hearing to the San Bernardino Superior Court, Civil division located at 303 W. 3rd st San Bernardino , Ca. 92415.

All documents shall be filed at the Victorville Superior Court located at 14455 Civic Drive, Ste., 100 Victorville Ca. 92392.

With the following Exception:
Documents that are filed less then 10 days prior to the hearing shall be filed in the San Bernardino Superior Court Civil Division located at 303 West 3rd., Street, San Bernardino Ca., 92415.

Date: 02/14/12                    Stephen H. Nash, Clerk of the Court

                                  By:  VANESKA DIEDERICH

**EXHIBIT B**

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO

SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

http://www.sbcounty.gov/courts

SUPERIOR COURT
VICTORVILLE DISTRICT
14455 Civic Drive Ste 100
Victorville, CA 92392
CASE NO: CIVVS1200769

IN RE: CURRAN VS CITY OF VICTORVILLE, etal

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO MARSHA G SLOUGH IN DEPARTMENT S33 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
06/18/12 at  8:30 in Department S33. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 08/13/12 at  8:30
in Department S33.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS

Date: 02/14/12                    Stephen H. Nash, Clerk of the Court
                                         By: VANESKA DIEDERICH
------------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 02/14/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 02/14/12 at Victorville, CA  By: VANESKA DIEDERICH

## PROOF OF SERVICE BY FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

On April 13, 2012, I served the following document(s): **DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Robert D. Conaway
Law Offices of Robert D. Conaway
222 East Main Street, Suite 212
Barstow, CA 92312-0865

and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on April 13, 2012, at Los Angeles, California.

☑    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

|  |  |
|---|---|
| Frank M. Romero | _Frank M. Romero_ |
| Print Name | Signature |