DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

FRED BURNSIDE (State Bar No. 211089)
fredburnside@dwt.com
REBECCA FRANCIS (*pro hac vice forthcoming*)
rebeccafrancis@dwt.com
ANNA R. BUONO (State Bar No. 232753)
annabuono@dwt.com

Attorneys for Defendant
REDFLEX TRAFFIC SYSTEMS, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MICHAEL CURRAN, individually and on behalf of all those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VICTORVILLE, REDFLEX TRAFFIC SYSTEMS, INC., DOES 1-20, DOES 21-40,<br><br>        Defendants. | Case No. EDCV12-0554 JST(SPx)<br><br>**DEFENDANT REDFLEX TRAFFIC SYSTEMS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES** |

1

Defendant Redflex Traffic Systems, Inc. ("Redflex"), answers the Complaint for Damages as follows, in bolded paragraphs beneath the Complaint's allegations:

## ANSWER

### I.   INTRODUCTION & PARTIES

1.      Plaintiff Michael Curran ("Curran' or "Plaintiff"), a resident of the Victorville area, brings this action on behalf of himself and all other similarly situated individuals who have received traffic citations for alleged red light violations under California Vehicle Code §§ 21453(a) or 21453(b), issued by the City of Victorville & Does 1-20 ("City") through its contract program with the County of San Bernardino, utilizing an automated detection system pursuant to a business agreement for income with co-defendant Redflex Traffic Systems, Inc. & Does 21-40 ("RTS").

**ANSWER:  Redflex lacks sufficient information to form a belief as to the truth or falsity of the allegation of Plaintiff's residence and on that basis, denies the allegation.  Redflex admits that Plaintiff purports to bring a putative class action against the City of Victorville and Redflex.  Except as so admitted, Redflex denies the allegations in paragraph 1.**

2.      Plaintiff received his citation after a RTS computer signed the name of an officer (Barbara Hill) to an RTS computer generated "Notice of Traffic Violation" despite the fact that Officer Barbara Hill did not contemporaneously observe the alleged infraction in California nor on an Arizona computer screen, and caused it to be sent Out with a RTS computer generated proof of service, signed by a RTS computer operator and likely mailed by another RTS bulk mailer-type computer on or about on or about October 4, 2011.

**ANSWER:  Redflex admits that on October 4, 2011, Plaintiff was issued a Notice of Traffic Violation that officer Barbara Hill signed.  Redflex further admits that a Redflex employee signed a Certificate of Mailing on the Notice of Traffic Violation on October 4, 2011.  Redflex further responds that San**

1

Benardino Superior Court records reflect that the trial date for Plaintiff's Notice of Traffic Violation is set for May 22, 2012.  Redflex attaches as <u>Exhibit A</u> to this Answer the Notice of Traffic Violation.  Redflex attaches as <u>Exhibit B</u> to this Answer Plaintiff's Case Report, which undersigned counsel obtained from the San Bernardino Superior Court.  Except as so admitted, Redflex denies the allegations in paragraph 2.

2.	Defendant(s) RTS who installed and operated automated traffic enforcement systems under contracts entered into with the CITY for approaches/ locations within the CITY at all relevant times hereafter stated, are in the business of making money with the CITY by generating traffic citations using machine generated data and forms that creates a cash demand for payment based on the allegations that registered owner of vehicles are being allegedly captured on RTS's video camera allegedly violating the law.

**ANSWER:  Redflex admits that it provides the City of Victorville with the services identified in the Exclusive Agreement Between the City of Victorville and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement Program and the First Amendment to Exclusive Agreement Between the City of Victorville and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement Program, pursuant to Cal. Veh. Code § 21455.5.  Redflex attaches as <u>Exhibit C</u> to this Answer the Exclusive Agreement Between the City of Victorville and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement Program.  Redflex attaches as <u>Exhibit D</u> to this Answer the First Amendment to Exclusive Agreement Between the City of Victorville and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement.  Except as so admitted, Redflex denies the allegations in the second paragraph numbered 2.**

3.	Under California and federal law the use and methods involved and/or the usage of the video data as done by the CITY by and through its city police department & RTS, is illegal and is therefore an unfair business practice/act within

2

the meaning of California Business & Professions Code §§ 17200, et seq. for the CITY and RTS which outlaws unfair business acts or practices, including but not limited to the follow ways:

**ANSWER:  The allegations in paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Redflex denies the allegations in paragraph 3.**

a.    The use of the data to "document" an alleged violation of the vehicle code (by reviewing a non-contemporaneous processed video of cars proceeding through the approaches/intersection involved) violates the long standing legal rule that for an officer to cite a citizen for an infraction, it must be done "In the Presence" of the officer.  Misdemeanors (and infractions) have always been violations that must have occurred in the officer's presence and to not make that a requirement, violates California Penal Code §§ 836(01) and including (but not limited to) California Penal Code §§ 837.1, a rule that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are presumed to know;

**ANSWER:  The allegations in paragraph 3.a. are legal conclusions to which no response is required.  To the extent a response is required, Redflex denies the allegations in paragraph 3.a.**

b.    California Vehicle Code §§ 40901, [subd.] (e) additionally requires compliance with the other rules of evidence, which include but are not limited to:

(i)    The mode of the evidence's preparation and the method and time of preparation be shown (by someone with personal knowledge) to establish trustworthiness [the latest cases in the line of CITY & RTS' disregarded rulings is 2nd Appellate District, Division 7 case of People v Annette B, published February 10, 2012), that the

3

CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are required to judicially notice as binding legal precedent;

(ii)     Authentication of the photographs and video feed as required under the California Rules of Evidence § 1413 (and related sections) that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California arc presumed to know;

(iii)    That the citations be executed by the officer on his personal knowledge and not his or her information and belief, both rules of law that the CITY, as a municipality in the State of California, and RTS as a corporation authorized to do business in the State of California are presumed to know.

**ANSWER:  The allegations in paragraphs 3.b-3.b(iii) are legal conclusions to which no response is required.  To the extent a response is required, Redflex denies the allegations in paragraphs 3.b-3.b(iii).**

4.     Instead the RTS contract (and the 2011 Amendment):

(i)     Contends that RTS "Processes the data" (with absolutely no attempt to explain in the contract, what if anything is taken out. added, modified, by whom, when and why) and on information and belief, plaintiff contends and thereon alleges that RTS decides by that who gets cited.  Under "Potential violations (under 1.19 of the RTS-C1TY agreement Contract), states that with respect to any motor vehicle passing through a designated intersection approach, [that] the data collected by the Redflex System ... *shall be processed by the Redflex System for purposes of allowing the authorized officer [who under section 1.1 (b) of the RTS contract does not even have to be a sworn peace officer] to review such data and determine whether a Red Light violation has occurred"*:

4

(ii)     RTS gives an "authorized" officer non-contemporaneous access to the RTS system within seven (7) days of the gathering of the violation data as per Section 3.3.4 of the RTS-CITY contract;

(iii)    RTS & the CITY try to bypass the personal knowledge and contemporaneous observation requirement by including a provision in the RTS contract to try and train and qualify the police project manager and authorized officers [the latter of which does not even have to be a sworn officer under 1.1(b) of RTS' contract] as an "expert witnesses";

(iv)    RTS tries to require the CITY to validate the unlawful data usage process under Section 3.3.11 of the RTS-CITY contract by having the City ask the court to take judicial notice "of the validity of the Reflex Photo Red Light System in lieu of requiring Reflex to provide such witnesses", even though the subject matter of the Section is nothing of which the California Evidence Code 451-452 could take judicial notice of.

**ANSWER:  Redflex admits that it provides the City of Victorville with the services identified in Exhibits C and D, pursuant to Cal. Veh. Code § 21455.5.  To the extent the allegations in paragraphs 4-4(iv) do not accurately reflect the entirety of the contents of those exhibits, Redflex denies the allegations.  Except as so admitted, Redflex denies the allegations in paragraphs 4-4(iv).**

b.      Violates the evidentiary rule that requires exclusion on foundation, authentication, hearsay and right-of-confrontation grounds under *Melendez-Diaz v. Massachusetts* (2009) 557 US 309, 129 S.Ct. 2527 grounds, by flying to put a camera and computer that processes the information on the stand through an individual peace officer that did not contemporaneously observe the infraction, but is there to further the unlawful and unfair manipulation of video information for the CITY's and RTS's income scheme.

5

**ANSWER: The allegations in paragraph 4.b. are legal conclusions to which no response is required. To the extent a response is required, Redflex denies the allegations in paragraph 4.b.**

5.     Defendants have reaped enormous fees by systematically violating the due process rights of Plaintiff and other Class Members.

**ANSWER: Redflex denies the allegations in paragraph 5.**

6.     Plaintiff and Class Members have suffered damages in the form of traffic light citation fines, lost time from work, higher automobile liability insurance premiums, legal fees where lawyers have been consulted and or retained to object to the violations of rights, and they bring this action to recover those damages as well as the costs and expenses of this litigation and further relief as may be just and proper.

**ANSWER: Redflex denies the allegations in paragraph 6.**

## II.        JURISDICTION AND VENUE

7.     The pre-suit claim for damage requirements as to the CITY under the California Government Code has been complied with and a claim for damage rejection dated February 8, 2012 has been sent by the Victorville City Clerk's office or about that same date.

**ANSWER: Redflex lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 and on that basis, denies them.**

8.     A pre-suit notice as to both the CITY and RTS as required for the California Business & Professions Code as to the unfair claim practice act claims has been served and the requisite time period (30 days) has passed without comment or objection from either defendant.

**ANSWER: Redflex admits it received an Amended Presuit Notice dated December 23, 2011, from Plaintiff's counsel, and that it did not respond. Redflex lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 and on that basis, denies them.**

6

9.     This Court has jurisdiction over the subject matter of this action pursuant to California Code of Civil Procedure § 410.10.  Plaintiff seeks damages on behalf of himself and all others similarly situated under the statutory and common law of California.

**ANSWER:  The allegations in paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Redflex admits that this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453.  Except as so admitted, Redflex denies the allegations in paragraph 9.**

10.     The amount in controversy exceeds the $25,000 minimum to qualify this action for unlimited jurisdiction within the California Superior Court.

**ANSWER:  The allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Redflex admits the amount in controversy on a class-wide basis is greater than $5 million, and thus satisfies 28 U.S.C. § 1332(d)(2).  Except as so admitted, Redflex denies the allegations in paragraph 10.**

11.     At all relevant times, each Defendant named herein maintained contacts with and conducted business in California. RTS and others, at all times relevant to this lawsuit, maintained offices and conducted substantial business operations in California.  Through their employees and agents, RTS and the Doe Defendants, as defined below, entered into illegal contracts with public entities in California, operated automated traffic enforcement equipment in California, and caused tickets to be issued to plaintiff and Class Members throughout California.

**ANSWER:  The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, Redflex admits that it has contracts with California cities, and Redflex believes that the City of Victorville conducts business in California.  Redflex admits that it has an office in Culver City, California, but responds that its headquarters and**

7

principal place of business are in Arizona.  Redflex denies that it conducts or conducted substantial business operations in California.  Except as so admitted, Redflex denies the allegations in paragraph 11.

12.     Venue is proper in the San Bernardino County as under Section 12.17 of the RTS-CITY contract "any dispute arising out of *or in connection with this Agreement* shall be submitted to the exclusive jurisdiction and venue of the nearest court of competent jurisdiction located in the County of San Bernardino. California, and both parties specifically agree to be bound by the jurisdiction and venue thereof (emphasis added)" and further the venue is valid under California Code of Civil Procedure § 395, because the acts and omissions complained of herein, including the creation and signing of contracts, the issuance of tickets, and the operation of automated traffic enforcement equipment took place, caused damages to, and had other adverse effects upon, Plaintiff and other Class members within the territorial jurisdiction of this Court.

**ANSWER:  The allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, Redflex admits that venue is proper in the Eastern Division of the Central District of California.  28 U.S.C. §§ 84(c)(1), 1391, 1446(a).  Except as so admitted, Redflex denies the allegations in paragraph 12.**

## III.   FACTUAL ALLEGATIONS

13.     An individual who receives such a ticket from the joint efforts of defendants has the option to appear in court to contest the fine, or to pay the fine without contest.

**ANSWER:  Redflex admits that persons who receive a Notice of Traffic Violation can respond to the Notice in different ways, which may include appearing in court to contest the fine and may include paying the fine without contest.  Except as so admitted, Redflex denies the allegations in paragraph 13.**

14.     Unless the citizen retains counsel that is aware of the evidentiary shenanigans defendants are trying to push through for an income generating fine, sometimes don't appear and pay the fine, they sometimes appear and see some people pay a fine reduced by $100.00 to $200,00 in exchange for guilty or no contest plea, try the case and lose and then pay the full fine, to only find out the California Department of Motor Vehicles adds a point to the record of any driver who is not acquitted of the infraction, which has the effect of increasing liability insurance rates 50% of more for three years – the common denominator to all scenarios, they are brought before the court on a machine generated ticketing process with no contemporaneous officer observance to verify the FACT of there being a violation of the vehicle code.

**ANSWER:  Redflex denies the allegations in paragraph 14.**

15.     To avoid the hiked up insurance premiums, a driver sometimes has the option of attending traffic school, if he or she has not already attended traffic school within the past 18 months.  Traffic school fees vary, but there is an additional administrative cost of $60 for those who wish to attend traffic school, again a cost damage that would not have been incurred by citizens were it not for the illegal and therefore unfair use of the RTS gathered and CITY's use of the processed video.

**ANSWER:  Redflex lacks sufficient information to form a belief as to the truth or falsity of the allegations regarding traffic school and on that basis, deny them.  Redflex denies all remaining allegations in paragraph 15.**

16.     In addition, plaintiff and similarly situated people are shocked by the receipt of the ticket, are emotionally stressed out over the violation of their rights and having to go to court for an arraignment often taking time from work or their families, getting a court date, attending the trial process and being unable to confront the real accuser, a camera and then having to go through traffic schools and paying fines out of already tightening family budgets, all to bailout the CITY's failing management team.

9

**ANSWER:  Redflex denies the allegations in paragraph 16.**

## IV.    CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Code of Civil Procedure § 382. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of that statute.  The Class is defined as follows:

All persons issued a citation for violation of California Vehicle Code §§ 21455(a) or 21455(b), where the alleged violation was recorded by an automated traffic enforcement system owned and/or operated by Defendants illegally since December 3, 2007.

**ANSWER:  Redflex admits that Plaintiff purports to bring a class action and purports to define a class, but denies that the Court should certify a class. Except as so admitted, Redflex denies the allegations in paragraph 17.**

18.    Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants, but estimate them to in excess of 5,000 with the vast majority of them residing in or near the Victorville Judicial District.  The information as to the identity of Class Members can be readily determined from records maintained by the Defendants and their agents, as well as non-party Municipalities and Agencies, including citation records, contracts with Municipalities and Agencies, receipts, and financial records.

**ANSWER:  Redflex admits that Plaintiff purports to bring a class action exceeding 5,000 members, but denies that the Court should certify a class. Except as so admitted, Redflex denies the allegations in paragraph 18.**

19.    Plaintiffs [sic] claims are typical of and not antagonistic to, the claims of other Class Members because Plaintiff received a traffic citation under the California Vehicle Code for allegedly running a red light or turning without sufficiently stopping at a red light, and was in some manner allegedly observed and recorded by an automated traffic enforcement system owned and/or operated by

10

Defendants.  By asserting his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of defendants as herein alleged, and the relief sought is common to the Class.

**ANSWER:  Redflex denies the allegations in paragraph 19.**

20.     The common legal and factual questions which do not vary from Class Member to Class member, and which may be determined without reference to individual circumstances of any Class Member include, but are not limited to. the following:

(a)     Whether Defendants engaged in unfair competition when they operated automated traffic enforcement equipment;

(b)     Whether Defendants should be required to have a sworn peace officer contemporaneously monitor the video camera system so that violations citizens are cited for are in compliance with the law and whether that should be made a condition for maintaining the systems under the RTS-CITY contract;

(c)     Whether Plaintiff and the Class are entitled to compensatory damages. and the amount and type of such damages; and

(d)     Whether Defendants should be ordered to disgorge, for the benefit of the Class, all or part of their ill-gotten income received from the operation of automated traffic enforcement equipment under illegal contracts;

(e)     Whether punitive damages against RTS should be awarded to discourage the ongoing, repetitive and despicable disregard of the law;

(f)     Whether attorney fees and costs should be awarded under Business & Profession Code § 17200 et seq. 42 USC § 1983 and or 42 USC § 1988;

**ANSWER:  Redflex denies the allegations in paragraphs 20-20(f).**

21.     These common questions and others predominate over questions, if any, that affect only individual members of the Class.

1    **ANSWER:  Redflex denies the allegations in paragraph 21.**

2        22.    The claims of the representative Plaintiff are typical of the claims of the

3    Class.  There are no material conflicts with any other members of the Class that

4    would make class certification appropriate.  Plaintiff and his counsel will fairly and

5    adequately represent the interests of the Class.  Plaintiff has retained attorneys

6    experienced in the prosecution of class actions, including complex cases and

7    consumer actions, and Plaintiff intends to prosecute this action vigorously.

8        **ANSWER:  Redflex denies the allegations in paragraph 22.**

9        23.    A class action is superior to other available methods for the fair and

10   efficient adjudication of this controversy because individual litigation of the claims

11   of all Class Members is impracticable.  Even if every Class Member could afford

12   individual litigation, the court system could not.  It would be unduly burdensome on

13   the courts if individual litigation of numerous cases were to proceed.  By contrast,

14   the conduct of this action as a class action, with respect to some or all of the issues

15   presented in this Complaint, presents fewer management difficulties. conserves the

16   resources of the parties and of the court system. and protects the rights of each Class

17   member.

18       **ANSWER:  Redflex denies the allegations in paragraph 23.**

19       24.    Prosecution of separate actions by individual Class Members would

20   create the risk of inconsistent or varying adjudications, establishing incompatible

21   standards of conduct for the defendant, and would magnify the delay and expense to

22   all parties and to the court system resulting from multiple trials of the same complex

23   factual issues.

24       **ANSWER:  Redflex denies the allegations in paragraph 24.**

25       25.    Injunctive relief is appropriate as to the Class as a whole because

26   Defendants have acted or refused to act on grounds generally applicable to the Class

27   and without a class action.  injunctive relief for one person would be of no benefit to

28   the rest of the public.

1    **ANSWER:  Redflex denies the allegations in paragraph 25.**

2    26.    Whatever difficulties may exist in the management of the class action

3    will he greatly outweighed by the benefits of the class action procedure, including,

4    but not limited to, providing Class Members with a method for the redress of claims

5    that may not otherwise warrant individual litigation.

6    **ANSWER:  Redflex denies the allegations in paragraph 26.**

7

8    **V.    FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
     **(Violation of Business & Professions Code § 17200 et seq.)**

9

10   27.    Plaintiff incorporates by reference all the above allegations in

     Paragraphs 1-26 as though fully set forth herein.

11

12   **ANSWER:  Redflex incorporates its responses to paragraphs 1-26 as if**
     **fully stated here.**

13

14   28.    Defendants have engaged in unfair competition and within the meaning

15   of California Business & Professions Code Section 17200, et seq. because

16   Defendants business relationship and related conduct that generate unfair acts and

     practices as herein alleged.

17

18   **ANSWER:  Redflex denies the allegations in paragraph 28.**

19   29.    The CITY seeing the cameras as a way to offset falling revenues due to

20   almost legendary mismanagement, saw the machine generated ticket making

     machinery as a partial gap filler, notwithstanding their presumptive knowledge the

21   process as used called for the CITY's officer and the CITY's political figures to

22   ignore long standing laws.

23

24   **ANSWER:  Redflex lacks sufficient information to form a belief as to the**
     **truth or falsity of the allegations in paragraph 29 and on that basis, denies**

25   **them.**

26

27   30.    When the CITY's counsel members saw the unpopularity of the red

28   light cameras and its potential consequences to the sitting counsel's futures, but still

13

1   wanting the constitutionally tainted revenue, the contract with RTS was renegotiated

2   to reduce the number of approaches that would have red light camera systems on

3   them, in exchange for an extension of the term from June 10, 2010 or June 10, 2015

4   (when the original contract was going to expire October 3, 2012) and a $10,000

5   monthly payment labeled as a "Operating Expense" item (paid by RTS to the cash

6   starved City coffers – hopefully), evidencing a desire of the current counsel majority

7   to keep breaking the law and violating citizens due process rights for a $10,000

8   monthly payment.

9       **ANSWER:  Redflex lacks sufficient information to form a belief as to the**

10   **truth or falsity of the allegations in paragraph 30 and on that basis, denies**

11   **them.**

12       31.   Since RTS was going to profit from the deal and hopefully buy some

13   good will publicity by cutting the number of approaches being targeted.  RTS went

14   along as they did before as they would offset any drop in monthly income by getting

15   a five year extension on the original contract and obligating the city to a $60,000 per

16   month minimum payment or adding another a minimum of $3.55 million to RTS's

17   income.

18       **ANSWER:  Redflex denies the allegations in paragraph 31.**

19       32.   As to RTS, their full and complete knowledge that what they were

20   doing – e.g. violating the laws and the civil rights of the citizens being cited in the

21   State they were operating as alleged above and incorporated herein by reference is

22   despicable and oppressive conduct.

23       **ANSWER:  Redflex denies the allegations in paragraph 32.**

24       33.   Plaintiff was injured by Defendants' unlawful business acts and

25   suffered an actual loss of money as a result of those acts and renegotiation of the

26   contract after the unlawful and oppressive conduct was brought to their attention.

27       **ANSWER:  Redflex denies the allegations in paragraph 33.**

28

34.     Defendants' unlawful business acts and practices constituted, and constitute, a continuing course of conduct of unfair competition because Defendants continue to operate automated traffic enforcement systems in Victorville, California.

**ANSWER:  Redflex denies the allegations in paragraph 34.**

35.     These business acts are unlawful because they are arise from unlawful disregard of the applicable codes, cases and or statutes relating to how infractions can be cited and pursued.

**ANSWER:  Redflex denies the allegations in paragraph 35.**

36.     Plaintiff and Class members have suffered actual harm and loss of money and/or property as a result of these unlawful business acts and practices.

**ANSWER:  Redflex denies the allegations in paragraph 36.**

37.     Defendants business practices, and each of them, are also unfair because they offend established public policy, are immoral, oppressive, unscrupulous, and/or substantially injurious to drivers in that Defendants are incentivized by their illegal activity to issue more citations, which given the practices alleged above, increases the number of unlawful and or unconstitutional acts.

**ANSWER:  Redflex denies the allegations in paragraph 37.**

38.     Plaintiff has standing to pursue this claim because he has been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein.  Defendants business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

**ANSWER:  Redflex denies the allegations in paragraph 38.**

39.     Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profit, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the

DEFENDANT REDFLEX'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT FOR DAMAGES (C12-0054-JST-SPx)
DWT 19383859v4 0090234-000012

practices described herein, or in the alternative, plaintiff should be awarded punitive damages in an amount equal to the original ticket amount for each class member.

**ANSWER:  Redflex denies the allegations in paragraph 39.**

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**ANSWER:  Redflex denies that Plaintiff and the putative class are entitled to any relief.**

### VI.   SECOND CAUSE OF ACTION
#### (Unjust Enrichment)

40.    Plaintiff incorporates by reference all the above allegations in Paragraphs 1-39 as though fully set forth herein.

**ANSWER:  Redflex incorporates its responses to paragraphs 1-39 as if fully stated here.**

41.    As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched.

**ANSWER:  Redflex denies the allegations in paragraph 41.**

42.    Specifically, Defendants received compensation in exchange for the unlawful operation/use of automated traffic enforcement systems at the expense of Plaintiff and others, in violation of the California Vehicle Code.  The fines and fees paid by Plaintiff and other Class members funded the very enforcement systems that caused the issuance of their citations.  This has resulted in Defendants wrongful receipt of profits and injury to Plaintiff and the Class.

**ANSWER:  Redflex denies the allegations in paragraph 42.**

### VII.   THIRD CAUSE OF ACTION
#### (Product Liability vs RTS & DOES 21-40)

43.    Plaintiff incorporates by reference all the above allegations in Paragraphs 1-42 as though fully set forth herein.

**ANSWER:  Redflex incorporates its responses to paragraphs 1-42 as if fully stated here.**

16

44.     RTS and Does 21-40 agreed to install FMS Sensors and Induction Loop Sensors upon renewal of the contract in June of 2012 with the CITY due to what plaintiff is informed and believes and thereon alleges was an inherent design problem with the system, that made data gathering unreliable, and as result, plaintiff is informed and believes, caused erroneous data to be reported as red light travel violations and citizen cited.

**ANSWER:  Redflex denies the allegations in paragraph 44.**

45.     Plaintiff is informed and believes and thereon alleges additionally that people were victims of a defective product design by and or sold by RTS.  DOES 21-40 as a result of the design defect that was present in the original system and or not properly manufactured and sold to the CITY and or Redflex.

**ANSWER:  Redflex denies the allegations in paragraph 45.**

47.     As a direct and proximate result of Defendants' defective designed and or sold initial product, plaintiff and or certain class member have been damaged in an amount according to proof at the time of trial.

**ANSWER:  Redflex denies the allegations in paragraph 47.**

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**ANSWER:  Redflex denies that Plaintiff and the putative class are entitled to any relief.**

**VIII.   VIOLATION OF CIVIL RIGHTS 42 USC § 1983 [MONELL CLAIM] [CITY OF VICTORVILLE, ONLY]**

48.     Plaintiff incorporates by reference all the above allegations in Paragraphs 1-47 as though fully set forth herein.

**ANSWER:  Redflex incorporates its responses to paragraphs 1-47 as if fully stated here.**

49.     The CITY has a custom and practice of allowing the CITY police to present evidence and testify on matters as alleged above and incorporated herein by reference that violate the procedural due process rights of the cited citizens, despite

17

opinions highlighting the City's police officer's failures to properly prepare to and in fact on testify without the required personal knowledge of the facts, systematically failing to contemporaneously observe any alleged infractions and the failure to lay proper foundation and authenticate photo, video and other related data allegedly gathered from RTS system.

**ANSWER:  The allegations in paragraph 49 are legal conclusions directed at the City of Victorville only, so no response by Redflex is required. To the extent a response by Redflex is required, Redflex denies the allegations as to itself, and denies them as to the City of Victorville for lack of sufficient information from which to form a belief as to the truth or falsity of the claims.**

50.    As a political body, the CITY is obligated to train its officers to follow the law on what is proper evidence for red light infraction cases, but the fact it has not done so, and has created a municipal custom or practice so permanent and settled that it constitutes a custom or usage of the CITY, which when examined over the thousands of instances in which an officer accepted the task of screening alleged video violations of infractions he/she did not contemporaneously see, has caused the violation of thousands of citizens' civil rights, which amounts to being a policy of deliberate indifference, in not only the sheer number of screen reviews and tickets issued, but that the CITY continued to non- contemporaneously review, cite, prosecute and convict AFTER the City was made aware of the appellate department in the County was tossing out red light camera convictions for authentication and foundation problems and then to add insult to constitutional injury, the CITY current leadership extended the contract an additional 5 years with no change in the training of the officers mandating that they rely only upon competent evidence that passes constitutional muster when testifying in red light camera cases.

**ANSWER:  The allegations in paragraph 50 are legal conclusions directed at the City of Victorville only, so no response by Redflex is required. To the extent a response by Redflex is required, Redflex denies the allegations**

18

as to itself, and denies them as to the City of Victorville for lack of sufficient information from which to form a belief as to the truth or falsity of the claims.

51.     That the CITY has created with RTS the legal fiction (come true) that a mechanical camera is a witness and non-contemporaneous observation of processed video feed by an officer is an acceptable exception to the rules of criminal procedure and evidence, offends minimum notions of due process, fundamental procedural fairness and the federal confrontation clause, which has rejected since 2009 the notion that an "it" can testify.

**ANSWER:  The allegations in paragraph 51 are legal conclusions directed at the City of Victorville only, so no response by Redflex is required. To the extent a response by Redflex is required, Redflex denies the allegations as to itself, and denies them as to the City of Victorville for lack of sufficient information from which to form a belief as to the truth or falsity of the claims.**

52.     The need for proper or different training when so obvious, and the inadequacy so likely to result in violations of constitutional rights, the municipality has displayed "deliberate indifference."

**ANSWER:  The allegations in paragraph 52 are legal conclusions directed at the City of Victorville only, so no response by Redflex is required. To the extent a response by Redflex is required, Redflex denies the allegations as to itself, and denies them as to the City of Victorville for lack of sufficient information from which to form a belief as to the truth or falsity of the claims.**

53.     Plaintiff and the class members have suffered not just the fine, but the loss of income from court appearances, the traffic school fees, the higher insurance premiums from being found guilty by plea of trial and or attorney fees for having to consult with and or retain a lawyer to fight off the constitutionally infirmed citation and testimonial hearsay show and emotional distress from the upset caused by not just the initial violation of rights upon receipt of the traffic ticket, but the indignity, humiliation and upset caused by being dragged through an arraignment and trial

19

1    process knowing that they were unable to do anything within their knowledge to

2    challenge the violation of their rights without having to hire counsel.

3        **ANSWER:  The allegations in paragraph 53 are legal conclusions**

4    **directed at the City of Victorville only, so no response by Redflex is required.**

5    **To the extent a response by Redflex is required, Redflex denies the allegations**

6    **as to itself, and denies them as to the City of Victorville for lack of sufficient**

7    **information from which to form a belief as to the truth or falsity of the claims.**

8        WHEREFORE. Plaintiff and the Class pray for relief as set forth below:

9        **ANSWER:  Redflex denies that Plaintiff and the putative class are**

10   **entitled to any relief.**

11               IX.    **PRAYER FOR RELIEF**

12       1.    Certification of the proposed Class and notice and claims

13   administration to be paid by Defendants;

14       2.    Damages and/or restitution in an amount sufficient to reimburse Class

15   Members who have paid fines pursuant to citations issued;

16       3.    Damages and/or restitution in an amount sufficient to reimburse Class

17   Members who have paid higher insurance rates due to convictions;

18       4.    Damages and/or restitution in an amount sufficient to reimburse Class

19   Members who have lost wages or have had to pay child care as a result of forced

20   court appearances;

21       5.    Damages and/or restitution in an amount sufficient to reimburse Class

22   Members who have had to pay for traffic school:

23       6.    Damages and/or restitution in an amount sufficient to reimburse Class

24   Members who have had to pay payment plans to be able to pay fines over time;

25       7.    Damages and/or restitution in an amount sufficient to reimburse Class

26   Members who have incurred legal counsel fees and expenses as a result of having to

27   retain counsel to protect their rights;

28

8.     Pre-judgment interest at the maximum legal rate on out-of-pocket fines, costs or fees:

9.     Compensatory, punitive. and exemplary damages according to proof;

10.    Costs of the proceedings herein:

11.    Reasonable attorneys' fees as allowed by statute 42 USC § 1983, 42 USC § 1988, Business & Profession Code § 17200 et seq.;

12.    A declaration that data stream from Redflex Traffic System's contract with the CITY can only he used if the CITY has sworn peace officers contemporaneously reviewing the data stream as it comes in as a live feed before being able to affix their name to and send out a mail citation;

13.    Injunctive relief against the further use of red light cameras in Victorville until the process is made to follow the rules of evidence applicable to all infractions in the State of California;

14.    For all such other and further relief as the Court deems just and proper.

**ANSWER:  Redflex denies that Plaintiff and the putative class are entitled to any relief.**

**Any allegation not otherwise responded to above is hereby denied.**

## AFFIRMATIVE DEFENSES

Redflex sets forth below its affirmative defenses.  By setting forth these affirmative defenses, Redflex does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Redflex reserves the right to amend or supplement its affirmative defenses.

### First Affirmative Defense

1.     Plaintiff and/or others alleged to be putative class members lack standing to assert the claims stated in the Complaint and to seek the relief requested.

**Second Affirmative Defense**

2.  Plaintiff's Complaint is not ripe.

**Third Affirmative Defense**

3.  The Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**

4.  The claims of Plaintiff and/or those alleged to be putative class members are barred by the voluntary payment doctrine, the collateral attack doctrine, waiver, estoppel, unclean hands, and the doctrine of avoidable consequences.

**Fifth Affirmative Defense**

5.  Awarding Plaintiff and/or others alleged to be putative class members the relief sought in the Complaint would violate Redflex's right to due process under the United States Constitution. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575, 580 (1996).

**Sixth Affirmative Defense**

6.  The claims of Plaintiff and/or those alleged to be putative class members were caused by the fault of another, including Plaintiff and/or those alleged to be putative class members.

**Seventh Affirmative Defense**

7.  The damages, if any, of Plaintiff and/or those alleged to be putative class members fail because the Plaintiff and/or those alleged to be putative class members assumed the risk of harm by running red lights.

1

### Eighth Affirmative Defense

2      8.      The claims of Plaintiff and/or those alleged to be putative class

3   members fail because Plaintiff and/or those alleged to be putative class members

4   failed to take reasonable steps to mitigate their alleged damages, if any, and their

5   recovery must be barred or diminished accordingly.

6

7

### Ninth Affirmative Defense

8      9.      The claims of Plaintiff and/or those alleged to be putative class

9   members fail because the claims were proximately caused by the negligence and

10   illegal conduct of Plaintiff and/or those alleged to be putative class members.

11

12

### Tenth Affirmative Defense

13      10.      Redflex's acts and practices are neither "unfair" nor "unlawful" under

14   Cal. Bus. & Prof. Code § 17200 *et seq.*

15

16

### Eleventh Affirmative Defense

17      11.      The claims of Plaintiff and the putative class members are barred or

18   limited in whole or in part because Redflex committed no violation of law.

19

20

### Twelfth Affirmative Defense

21      12.      To the extent Plaintiff and the putative class members were adjudicated

22   guilty and did not appeal that decision, their claims are barred by res judicata.

23

24

### Thirteenth Affirmative Defense

25      13.      To the extent Plaintiff and the putative class members have not yet

26   resolved their claims in traffic court or through appeal, their claims are barred by the

27   failure to exhaust their administrative remedies.

28

**Fourteenth Affirmative Defense**

14. To the extent Plaintiff and the putative class members bring claims tied to Redflex's conduct in submitting evidence to Courts of criminal activity, that conduct is protected activity, subject to the litigation privilege, and protected by California's anti-SLAPP statute, subjecting Plaintiff to pay Redflex's costs and attorneys' fees in defending this action. *See* Cal. Civ. Proc. Code § 425.16(e); Cal Civ. Code § 47(b).

**REDFLEX'S REQUEST FOR RELIEF**

Redflex requests relief as follows:

1. Dismissal of Plaintiff's claims with prejudice;

2. An award of costs and fees incurred in this lawsuit; and

3. Such further relief as the Court may deem just, lawful, and equitable.

DATED: April 20, 2012

DAVIS WRIGHT TREMAINE LLP
FRED BURNSIDE
ANNA R. BUONO


By:_____/s/Anna R. Buono_____
                Anna R. Buono

Attorneys for Defendant
REDFLEX TRAFFIC SYSTEMS, INC

24